Richard J. McGOUGH, et al., Plaintiffs-Appellants,

v.

FIRST ARLINGTON NATIONAL BANK, a National Banking Association, et al., Defendants-Appellees.

No. 75–1267.

United States Court of Appeals, Seventh Circuit.

Argued May 30, 1975.

Decided July 22, 1975.

---

* Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation.

 

Maurice J. McCarthy, Chicago, Ill., for plaintiffs-appellants.

William J. Holloway, Lawrence R. Moelmann, David I. Herbst, Chicago, Ill., for defendants-appellees.

Before SWYGERT and BAUER, Circuit Judges, and EAST*, Senior District Judge.

EAST, Senior District Judge.

## THE FACTS

On or about April 10, 1974, plaintiffs-appellants Richard J. McGough, William Ritchie and Robert Snell, individually and d/b/a Consolidated Investments Company, an Illinois General Partnership, (hereinafter referred to collectively as McGough) entered into a sales agreement with the Brite-O-Matic Corporation (Brite-O-Matic) for the purchase of a certain Brite-O-Matic car wash unit. As part of the transaction, McGough entered into a lease back agreement with Brite-O-Matic, with the view that the car wash unit would be subleased to other persons for operation. McGough's financial return from the transaction was to be monthly income by virtue of the profits earned by Brite-O-Matic through the subleasing procedure.

As a part of the entire transaction, McGough on or about April 26, 1974 borrowed the purchase money from the First Arlington National Bank, a national banking association, (Bank). The loan transaction was evidenced with a collateral installment promissory note and security agreement covering the unit in the amount of $7,847, representing principal in the amount of $6,000 and accruing interest for the difference. The note was payable in monthly payments of $130.79 for a period of five years.

The Brite-O-Matic venture financially collapsed. In the wake, McGough defaulted on the note payments to the Bank. On November 6, 1974, the Bank instituted confession of judgment pro-

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon sitting by designation.

ceedings for the collection of the promissory note and its security in the Circuit Court for Cook County in the State of Illinois (State action).

## THE CASE

McGough on December 2, 1974 demanded rescission of the transaction and made tender to the Bank as the alleged "underwriter and control person" of the transaction. The Bank ignored the demand so McGough on January 27, 1975 instituted these proceedings in the District Court alleging fraud in the inducement of the contract in violation of various sections of the Security Act of 1933, the Security Exchange Act of 1934, and the rules and regulations promulgated thereunder (hereinafter referred to collectively as Exchange Act).

McGough entered a special appearance in the State action but has not generally appeared in answer to or affirmatively in defense of the merits thereof. The presiding judge in the State action has continued its proceedings awaiting the disposition of motions pending in the federal court. Hence, neither of the causes have progressed to a point beyond return.

## THE APPEAL

The District Court:

a. Denied McGough's motion for a preliminary restraint of the prosecution of the Bank's action in the State action for collection of the promissory note and its security, pending the prosecution of the proceedings in the District Court; and

b. Granted the Bank's motion for a stay of the proceedings in the District Court pending the prosecution of the State action or further order.

McGough appeals. The matter is before this court under expedited procedures. We affirm the denial of the motion for preliminary restraint of prosecution of the State action and reverse and vacate the stay order.

## DISCUSSION

*The Stay of the Proceedings in the District Court:*

This court has held in *Aetna State Bank v. Altheimer*, 430 F.2d 750 (7th Cir. 1970), [hereinafter cited as *Aetna*] that notwithstanding the provisions of 28 U.S.C. § 2105 which prohibits a reversal of a ruling upon matters in abatement not involving jurisdiction, it is appropriate to review the stay order. *Aetna* points out that the federal courts are recognizing motions for stay pending the outcome of related state actions as within the Doctrine of Abstention. Accordingly the District Court's opting to issue a stay in a federal proceeding is discretionary. At 755–56.

At the outset, we point out that the Bank made no attack upon the jurisdiction of the District Court nor the sufficiency of McGough's complaint for statutory relief under the Exchange Act. We assume without deciding that the interlocking sale-lease back of the Brite-O-Matic unit and promissory note and its security agreement transaction with the Bank was a "security investment" involving the sale and purchase of a "security" and McGough's complaint alleges a valid and subsisting federal cause of action for statutory relief from fraud within the meaning of and pursuant to the provisions of the Exchange Act.

The provisions of the Exchange Act impose duties upon underwriters and control persons in connection with the sale and purchase of securities and grant remedies in favor of purchasers of security which were unknown at common law. They are pure federal remedies of congressional creation. Congress has provided that the "district courts . . . shall have exclusive jurisdiction . . . of all suits . . . and actions . . . brought to enforce any liability or duty created by this chapter . . . ." 15 U.S.C. § 78aa. Accordingly it is manifest to us that the exclusive federal remedy sought under the complaint in the District Court is not available to

McGough in the State action. Therefore, we conclude that the District Court's stay order was an abuse of judicial discretion and reversible error, since it relegated McGough to a sterile state court for vindication of its federal remedies.

In *Movielab, Inc. v. Berkey Photo, Inc.*, 321 F.Supp. 806 (S.D.N.Y.1970), *aff'd*, 452 F.2d 662 (2d Cir. 1971), the District Court was faced with the identical situation as presented here. That court teaches at 811:

"The pendency of the state court suit, therefore, does not offer a valid basis for precluding [McGough] from prosecution in [the District Court] of its affirmative claim for [Exchange Act relief] which [relief] it cannot obtain in the state court because of our exclusive jurisdiction over affirmative claims based on the Exchange Act."

We are not unmindful that the District Court relied upon the rationale of this court's opinion in *Aetna* for authority and backing of the stay order. We are satisfied that the District Court misapplied the rationale of *Aetna*, as that case is distinguishable from the posture of parties in the state and federal proceedings respectively involved in this case. In *Aetna*, the plaintiff bank was carrying an identical claim for Exchange Act relief to both the state and federal courts in a posture that was inconsistent with the exclusive federal remedy concept of the Exchange Act. McGough here seeks affirmative federal relief in the District Court only against defendants-appellees, all of whom are not parties to the state action, and only the affirmative defense of illegality in the state action.[1]

*Denial of Temporary Restraint of State Action:*

■ McGough, in support of the motion for temporary restraint of the prosecution of the State action, contends that the continuation of the State action with only state defenses for fraud available will seriously jeopardize the District Court's exclusive jurisdiction through res judicata or the workings of the collateral estoppel doctrine. Accordingly, asserts McGough, a restraint of the progress of the State action was authorized under the exception to the anti-injunction statute, 28 U.S.C. § 2283, as "necessary in aid" of the District Court's exclusive jurisdiction. We disagree and subscribe to the reasoning in the opinion of Judge Tyler in *Vernitron Corp. v. Benjamin*, 440 F.2d 105 (2d Cir.), *cert. denied*, 402 U.S. 987, 91 S.Ct. 1664, 29 L.Ed.2d 154 (1971), which rejected the identical proposition, thus:

"The policy of the anti-injunction statute, 28 U.S.C. § 2283, is to prohibit enjoining of state court suits except in those situations where the real or potential conflict threatens the very authority of the federal court. The only conceivable interference here would be an attempt by the state court to determine issues of federal law, a task which it certainly has not as yet undertaken and which in any event would be wholly without effect." At 108.

The order denying temporary restraint of the State action is affirmed, and the order staying the proceedings in the District Court is reversed and vacated and the cause remanded for further proceedings consistent herewith.

We deem it regrettable that these two proceedings should be progressing on separate courses, each racing to a conclusion before the other, which in their present respective postures can be satisfactorily resolved to no one. We commend to the parties the sage advice in *Movielab, supra*, at 810, reminding that:

"Our principal inquiry, therefore, should be as to whether all of the is-

---

1. In *Aetna State Bank v. Altheimer*, 430 F.2d 750 (7th Cir. 1970), this court recognized that while 15 U.S.C. § 78aa confines jurisdiction over suits seeking affirmative relief under the Exchange Act to the federal district courts, it did not preclude a state court defendant from pleading, and a state court from recognizing, an affirmative defense of illegality under the Act. The Supremacy Clause would seem to demand this construction of § 78aa.

sues can be disposed of in one jurisdiction but not in the other. If so, in the interest of avoiding multiplicity and of promoting efficiency and economy of effort, the parties should be encouraged to resort to the forum where the entire controversy can be resolved."

Affirmed in part.

Reversed and remanded in part.