BACHE HALSEY STUART INCORPO-
RATED, Plaintiff,

v.

Lewis ROWADY et al., Defendants.

No. 77 C 1564.

United States District Court,
N. D. Illinois, E. D.

May 25, 1977.

N. A. Giambalvo, James W. Collins, Lawrence M. Gavin, Boodell, Sears, Sugrue, Giambalvo & Crowley, Chicago, Ill., for plaintiff.

Robert A. Hudson, Hoops & Hudson, Detroit, Mich., Barry T. McNamara, O'Brien, Carey, McNamara & Scheuneman, Ltd., Chicago, Ill., Peter J. Chepuavage, National Association of Securities Dealers, Washington, D.C., for defendant.

## MEMORANDUM OF DECISION

JULIUS J. HOFFMAN, Senior District Judge.

This is an action by plaintiff Bache Halsey Stuart Inc. for an order declaring that certain matters now in dispute between it and the individual defendants, Lewis Rowady, Fred L. Davis, Tamar Nichols and Dimitri Kirill, are not arbitrable, and that the defendant National Association of Securities Dealers, Inc. (NASD) therefore lacks authority and/or jurisdiction to hear the matters. Additionally, by its complaint, the plaintiff seeks an order declaring that a certain settlement agreement upon which the arbitration claims are predicated is void and unenforceable, and that any purported agreement between the parties to arbitrate claims arising under the provisions of the Securities Act of 1933, 15 U.S.C. § 77a, et seq., or the Securities Exchange Act of 1934, 15 U.S.C. § 78a, et seq., is void and unenforceable. The case is now before the court on the motion of the plaintiff for a preliminary injunction enjoining any arbitration proceedings before defendant NASD pending the outcome of this litigation.

From its review of the plaintiff's complaint and the memoranda of the parties filed in support of or in opposition to the instant motion, for purposes of ruling on this motion only, the court finds the underlying facts to be as follows: This litigation arose out of a 1967 agreement between the plaintiff and one Davis, Rowady & Nichols, Inc., the predecessor in interest to the individual defendants herein. Under the terms of that agreement, Davis, Rowady & Nichols, Inc. was to refer any orders it received for the purchase or sale of securities listed on the New York Stock Exchange to the plaintiff. In return, the plaintiff was to refer business it had for the purchase or sale of securities listed on the Detroit Stock Exchange to Davis, Rowady & Nichols, Inc.

In 1970, the plaintiff announced it would no longer honor the agreement, and Davis, Rowady & Nichols, Inc. brought suit in a Michigan state court to enforce its terms. That suit was dismissed with prejudice when a settlement agreement was entered into between the parties. Shortly thereafter, the individual defendants, believing the plaintiff was not performing in accordance with the terms of the settlement agreement, next brought suit in a Michigan state court for specific performance of the settlement agreement. Proceedings in that suit were stayed by the Michigan court when, pursuant to a motion by the instant *plaintiff,* Bache Halsey Stuart, Inc., the Michigan court ordered the matter submitted to arbitration. The matter was submitted to arbitration before defendant NASD on June 17, 1975. By the instant motion, the plaintiff now seeks a preliminary injunction enjoining the defendants from proceeding further in that arbitration proceeding during the pendency of the instant lawsuit, and

enjoining the defendants from proceeding with the arbitration hearing now set for May 25, 1977.

■ In *Virginia Petroleum Jobbers Association v. Federal Power Commission*, 104 U.S.App.D.C. 106, 259 F.2d 921, 925 (1958), the U.S. Court of Appeals for the District of Columbia Circuit established what has become an accepted four-pronged test in the consideration of a motion for a preliminary injunction:

1) Has the movant made a strong showing that it is likely to prevail on the merits?

2) Has the movant shown that without the requested relief, it will be irreparably injured?

3) Would the issuance of an injunction substantially harm other parties to the given proceedings?

4) Are there any public interests that must be considered?

See also *Sampson v. Murray*, 415 U.S. 61, 83–84, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974); *Washington v. Walker*, 529 F.2d 1062, 1065 (7th Cir. 1976); *Banks v. Trainor*, 525 F.2d 837 (7th Cir. 1975). From its application of this test to the instant motion, the court concludes that the instant motion for a preliminary injunction staying the arbitration proceedings now pending before defendant NASD must be denied.

The primary argument advanced by the plaintiff in support of the instant motion is that certain of the claims asserted in the arbitration proceeding are based in the Securities Exchange Act of 1934, and § 27 of the 1934 Act, 15 U.S.C. § 78aa, places exclusive jurisdiction over such claims in the U.S. district courts. Section 27 of the Securities Exchange Act of 1934 provides, in relevant part, as follows:

The district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder.

It is the position of the movant that the words "exclusive jurisdiction" are to be read so as to preclude arbitration of claims based in the Securities Exchange Act of 1934.

The court does not find the argument persuasive. As the court reads that section, its purpose was to vest in the federal courts, *as opposed to the state courts*, jurisdiction over federal securities law claims. See, e. g., *McGough v. First Arlington Bank*, 519 F.2d 552 (7th Cir. 1975); *Cotler v. Inter-County Orthopaedic Assoc.*, 526 F.2d 537 (3rd Cir. 1975). However, here the plaintiff seeks to have the section read so as to preclude a matter involving federal securities law from being *arbitrated*.

No case has been cited by any party which directly addresses this issue; additionally, this court has been able to locate no such case. However, a line of cases has considered a similar question. Section 14 of the Securities Act of 1933, 15 U.S.C. § 77n, which is essentially the same as § 29 of the Securities Exchange Act of 1934, 15 U.S.C. § 78cc, provides that any condition, stipulation, or provision binding any person to waive compliance with any provision of the Act, or the rules and regulations promulgated thereunder, shall be void. In *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the U.S. Supreme Court held that this section should be read so as to require that a customer of a broker-dealer not be bound in advance by an agreement to submit a federal securities law claim to arbitration. It might be argued that the reasoning of this case should be extended to the issue now before this court. The court finds merit to this argument. However, the cases applying the *Wilko* decision have concluded it does not apply to prevent disputes solely between broker-dealers from being resolved by arbitration. Rather, the courts have held that when the situation involves only broker-dealers which are members of a self-regulatory organization, § 28(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78bb, acts as an exemption from the invalidating effect § 29 would otherwise have on any resolution by arbitration, or agreement to arbitrate future

disputes. *Ayres v. Merrill Lynch, Pierce, Fenner & Smith,* 538 F.2d 532, 538 (3rd Cir. 1976); *Axelrod & Co. v. Kordich, Victor and Neufeld,* 451 F.2d 838 (2d Cir. 1971); *Brown v. Gilligan, Will & Co.,* 287 F.Supp. 766 (S.D.N.Y.1968).

The National Association of Securities Dealers, Inc. is clearly a § 28(b) self-regulatory organization. Additionally, both the plaintiff and Davis, Rowady & Nichols, Inc., the predecessor in interest to the individual defendants herein, were, at all relevant times, members of NASD. Further, the NASD's rules and regulations do make provision for the arbitration before the NASD of disputes between members.

Thus, the court, without now finally deciding the question, must conclude that the movant has not made the strong showing that it is likely to prevail on the merits in its argument that § 27 of the 1934 Act precludes the holding of the instant arbitration proceeding, as required by *Virginia Petroleum, supra.* The court finds nothing in *Moran v. Paine, Webber, Jackson & Curtis,* 279 F.Supp. 573 (W.D.Pa.1967) *aff'd* 389 F.2d 242 (3rd Cir. 1968), to support a different conclusion.

The movant has also argued that for various reasons the settlement agreement is void, and therefore unenforceable. As a result, the movant argues the NASD cannot have any authority to enforce its terms. However, as the movant concedes, the validity of an agreement, as well as the interpretation and enforceability of its terms, is generally an issue for the arbitrators in the first instance. The court has reviewed the cases cited by the plaintiff purporting to warrant a contrary conclusion in the present situation, but find them unpersuasive.

Even were the court to conclude that there is a strong likelihood that the plaintiff will succeed on the merits, the court is not convinced that there will be any irreparable injury to the plaintiff by the denial of the instant motion. Admittedly, there will be some expense involved in proceeding before the arbitration board. However, this factor must be weighed against the fact that it was the plaintiff which originally caused these arbitration proceedings to be brought. The plaintiff has pointed out that at the time it did so only state statutory and/or common law issues were involved, whereas now the arbitration proceeding includes federal securities law issues as well. But the fact remains that the plaintiff is the one that initially sought the arbitration of which it now complains. That being the case, it is difficult to see how the plaintiff can now be said to be threatened by irreparable injury by the holding of these arbitration proceedings.

Moreover, should the NASD find against the plaintiff, this will not mean that the plaintiff has lost all opportunity for a judicial resolution of its arguments. A court action will be necessary to enforce any NASD order. At any such action, the plaintiff will have an opportunity to raise its challenges to the arbitration proceeding.

Finally, the court must take note of a pronounced federal policy which favors the private arbitration of disputes. See the Federal Arbitration Act, 9 U.S.C. § 1, et seq.; see also e. g., *C. Itoh & Co. v. Jordan International Co.,* 552 F.2d 1228 (7th Cir. 1977). The court must note that its instant ruling furthers that policy.

Accordingly, the motion of the plaintiff for a preliminary injunction pending the outcome of this lawsuit will be, and hereby is denied.