Robert BURROWS and Mary Burrows, Plaintiffs,

v.

Victor SEBASTIAN, Carlo Di Cicco d/b/a Di Cicco Concrete Products Company, General Motors Corporation and Meidell GMC Truck, Inc., Defendants.

No. 77 C 2848.

United States District Court, N. D. Illinois, E. D.

Feb. 15, 1978.

Saul I. Ruman, Hammond, Ind., S. David Friedlander, Calumet City, Ill., for plaintiffs.

Thomas J. Burke, Jr., Lord, Bissell & Brook, Alan R. Miller, Terrence R. Joy, Epton & Druth, Ltd., William R. Galliani, Slovacek, Galliani & Kuzel, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This cause comes before the court on the motion of defendants Victor Sebastian and Carlo Di Cicco to dismiss the complaint in light of the pendency of a similar state court action.

On October 5, 1976, plaintiffs filed an action (No. C 76–3786) in the Circuit Court of Lake County, Indiana,[1] against defendants Sebastian and Di Cicco, seeking to recover $500,000 damages for personal injuries suffered by plaintiff Robert Burrows. The complaint alleged that on or about September 17, 1975, Burrows was employed as a state trooper for the Indiana State Police, that while in the course of his duties he was standing near the travelled portion of U.S. Highway 41 at a certain point in St. John, Indiana, that at this time defendant Sebastian, in the course of his employment by defendant Di Cicco d/b/a Di Cicco Concrete Products Co., was driving on that highway a vehicle owned by Di Cicco, and that as a result of the defendants' negligent conduct a rear wheel and tire assembly came off the vehicle and struck Burrows, causing him injury. Discovery in the state court litigation revealed that the vehicle involved, a semi tractor, had been purchased new from a certain GMC truck dealer in Gary, Indiana, and had been most recently serviced, other than for routine maintenance, by Meidell GMC, Inc., in Chicago Heights, Illinois.

On August 4, 1977, plaintiffs filed an action in this court seeking recovery for injuries suffered by Burrows in the same

incident. The complaint alleges reckless, wilful, and wanton, as well as negligent conduct on the parts of Sebastian and Di Cicco, and adds as defendants General Motors Corporation and Meidell GMC, Inc. In addition to $500,000 compensatory damages, it asks $50,000 in punitive damages. Jurisdiction over this action lies under 28 U.S.C. § 1332.[2] Defendants Sebastian and Di Cicco, however, have moved this court to dismiss the complaint in light of the pendency of the similar state court action.

In the recent case of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court found occasion to review the principles relevant to the disposition of the present motion. Speaking generally of these principles and of their foundations the Court said:

"Although this case falls within none of the abstention categories, there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183 [72 S.Ct. 219, 96 L.Ed. 200] (1952). See *Columbia Plaza Corp. v. Security National Bank*, 173 U.S.App.D.C. 403, 525 F.2d 620 (1975). Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .' *McClellan v. Carland, supra* [217 U.S.], at 282 [30 S.Ct. at 505, 54 L.Ed. at 767]. See

1. Subsequently, venue was transferred to the Circuit Court of Newton County, Indiana.

2. The plaintiffs are citizens of Indiana. Defendants Sebastian and Di Cicco are citizens of Illinois. Defendant General Motors Corporation is a corporation organized under the laws of and having its principal place of business in

Michigan. Defendant Meidell GMC Truck, Inc. is a corporation organized under the laws of and having its principal place of business in Illinois. The amount alleged to be in controversy exceeds $10,000 exclusive of interest and costs.

*Donovan v. City of Dallas*, 377 U.S. 408 [84 S.Ct. 1579, 12 L.Ed.2d 409] (1964). As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation. See *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co., supra; Steelman v. All Continent Corp.*, 301 U.S. 278 [57 S.Ct. 705, 81 L.Ed. 1085] (1937); *Landis v. North American Co.*, 299 U.S. 248, 254 [57 S.Ct. 163, 81 L.Ed. 153] (1936). This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them. *England v. Medical Examiners*, 375 U.S. 411, 415 [84 S.Ct. 461, 11 L.Ed.2d 440] (1964); *McClellan v. Carland, supra* [217 U.S.], at 281 [30 S.Ct. at 504, 54 L.Ed. at 766]; *Cohens v. Virginia* (6 Wheat.) 264, 404 [5 L.Ed. 257] (1821) (dictum). Given this obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention. The former circumstances, though exceptional, do nevertheless exist." 424 U.S. at 817–818, 96 S.Ct. at 1246.

The Court then proceeded to expand on the notion of those "exceptional circumstances" which might justify non-observance in particular cases of this general duty to exercise jurisdiction, and to apply its discussion to the facts before it.

In opposing defendants' motion plaintiffs argue that no showing of "exceptional circumstances" sufficient to justify non-exercise of this court's jurisdiction has been made. This argument, however, reflects what is in this court's judgment, a fundamental misconception of *Colorado River* and the principles stated therein. There is an essential difference between a case like *Colorado River* and that present. *Colorado River* involved a "reactive" suit, in essence,

a second suit in which the roles of the parties in a prior action concerning the same issues are reversed. In such a case, if, as was quite apparently true in *Colorado River,* the state court defendant is unable to remove the state action to federal court, then the federal court, in passing on the motion to stay or dismiss is put in the position of determining whether the claims of the federal court plaintiff (state court defendant), over which it does have jurisdiction, will or will not be resolved in federal court. When this is the significance of the decision on the motion to stay or dismiss the duty to exercise jurisdiction discussed in *Colorado River* comes into play, since a dismissal, or a stay in its effect, is a denial of a party's right to a day in federal court. See also *Calvert Fire Ins. Co. v. Will*, 560 F.2d 792 (7th Cir. 1977).

The present situation, however, involves a "repetitive" rather than a "reactive" suit; both the state and parallel federal actions have been brought by the same plaintiffs. In such a situation, the federal court, by staying its proceedings pending the disposition *or voluntary dismissal* of the state court action, simply places the plaintiff in the position of having to decide in which of the two forums to pursue his claims. Any talk of a "duty" on the part of the federal courts to exercise the jurisdiction with which they are vested is meaningful only in reference to a party to whom this duty is owed and who possesses a correlative "right". Where an order of stay or dismissal in no way infringes on a plaintiff's right to have his claims adjudicated in federal court it cannot be said that there has been any abrogation, justified or otherwise, of the court's "duty" to exercise its jurisdiction. Hence, such an order does not require "exceptional circumstances" in order to be warranted. In essence, the situation here is like that where there are pending two similar or parallel actions in different federal districts. As the quoted passage from *Colorado River* clearly recognizes, the absence of the "duty" issue in such a situation makes for a much more liberal granting of stays or dismissals in order to "avoid dupli-

cative litigation". Under this less demanding standard the defendants' motion has merit. The state court action was commenced about ten months prior to this action and is, from all indications, being actively pursued. There is no particular federal interest in seeing the type of substantive issues presented here, matters of state tort law, resolved in the federal courts. Nor does the fact that the state court suit does not include Meidell and General Motors as parties defendant, and that Indiana's two-year statute of limitations on personal injuries[3] has expired make a stay unwise. While a stay might result in this action proceeding at a later time against Meidell and General Motors, a less than fully efficient use of judicial resources, proceeding in federal court now will result in an even greater duplication of effort as well as considerable unfairness to defendants Sebastian and Di Cicco. Since this court cannot, of course, enjoin the state court proceedings, it is best to stay proceedings here, thereby leaving open the possibility of a single unified proceeding after voluntary dismissal of the state case.

The result reached here has been found appropriate in similar cases predating *Colorado River. E.g. Crawford v. Seaboard Coast Line R.R. Co.*, 286 F.Supp. 556 (S.D. Ga.1968). This court recognizes that *Colorado River* reflects perhaps a major shift in emphasis away from more liberal policies in granting stays or dismissals in state-federal concurrent jurisdiction situations. See *Calvert Fire Ins. Co. v. Will, supra* ; *Federal Court Stays and Dismissals In Deference To Parallel State Court Proceedings: The Impact of Colorado River*, 44 U.Chi.L.Rev. 641 (1977). *Colorado River*, however, did not change the law with regard to such a case as this. One respected treatise, after considering the impact of the *Colorado River* case comments that:

"The approach of the court in the *Crawford* [v. Seaboard Coast Line R.R. Co.] case of requiring a plaintiff who was actively pursuing litigation simultaneously in a state and federal court to elect one or the other appears to be wholly unobjectionable and to represent a reasonable effort to conserve judicial resources and protect the interests of the defendant." 1A Moore's Federal Practice § 0.203[4] p. 2141.

Accordingly, proceedings in this cause are hereby stayed pending disposition or voluntary dismissal of the state court suit.

---

**3.** The relevant limitation provisions is found in IC 34-1-2-2 (Burns, 1973).

It is not clear why Meidell and General Motors were not made parties defendant in the state court case. Under the Indiana long-arm jurisdiction provisions, Indiana Rules of Trial Procedure, Rule 4.4, there would appear to be no question that jurisdiction over General Motors could have been obtained, and, under the apparent facts, jurisdiction over Meidell seems to have been likely.