**CALVERT FIRE INSURANCE COMPANY, Petitioner,**

v.

**Honorable Hubert L. WILL, United States District Judge, Northern District of Illinois, Respondent.**

**No. 76–1495.**

United States Court of Appeals, Seventh Circuit.

Sept. 19, 1978.[1]

Nov. 13, 1978.

1. This matter was originally decided by unreported *per curiam* order on September 19, 1978. *See* Circuit Rule 35. The court has subsequently decided to issue the decision as a *per curiam* opinion.

Michael L. Weissman, Chicago, Ill., Louis Loss, Cambridge, Mass., for petitioner.

Thomas J. Weithers, Chicago, Ill., Milton V. Freeman, Washington, D. C., for respondent.

Before SWYGERT and WOOD, Circuit Judges, and GRANT, Senior District Judge.[2]

PER CURIAM.

In this case petitioner Calvert Fire Insurance Company ("Calvert") seeks a writ of mandamus compelling the district court to immediately adjudicate Calvert's federal securities laws claims against American Mutual Reinsurance Company even though all but one of those claims is being concurrently litigated in Illinois state court. We previously granted the writ. *Calvert Fire Insurance Co. v. Will*, 560 F.2d 792 (7th Cir.

1977). The Supreme Court reversed and remanded the case for further proceedings in conformity with its judgment. *Will v. Calvert Fire Insurance Co.,* —— U.S. ——, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978). We now determine the proper course which this case should take on remand.

Carrying out the Supreme Court's mandate is somewhat difficult because there was no majority opinion for the Court. In order to interpret the Court's mandate correctly, it is necessary first to review the various opinions written by the Justices.

Justice Rehnquist, joined by three other members of the Court, expressed the view that the decision whether to defer to state court proceedings in a case such as this one is "largely committed to the discretion of the District Court." 98 S.Ct. at 2558. Justice Rehnquist disagreed with our conclusion that the district court was compelled to immediately adjudicate Calvert's federal claims under *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). He instead found persuasive the holding of *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), that district courts are "under no compulsion" to exercise their jurisdiction when the same proceedings are pending in a state court. He concluded that Calvert had not satisfied the heavy burden of showing that the district court had so clearly abused its discretion that a writ of mandamus, which is only available when "a litigant's right to a particular result is 'clear and indisputable,'" was a proper remedy. 98 S.Ct. at 2559.

Justice Brennan, joined by Chief Justice Burger and Justices Marshall and Powell, dissented and would have voted to affirm our judgment. Justice Brennan rejected Justice Rehnquist's premise that the decision whether to defer in cases of contemporaneous federal state jurisdiction lies largely with the district court; rather, he asserted, under *Colorado River,* the federal courts

---

2. Honorable Robert A. Grant, United States Senior District Judge for the Northern District of Indiana, sitting by designation.

have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Id.* at 2561. He argued that federal deference to contemporaneous state proceedings was only permissible under "exceptional" circumstances not present in this case. Finally, he contended that Justice Rehnquist's reliance on *Brillhart* was erroneous.

Justice Blackmun provided the deciding vote for reversal, but did so on grounds that were significantly different from those relied upon by Justice Rehnquist. He began his opinion by agreeing with Justice Brennan that Justice Rehnquist's reliance upon *Brillhart* was erroneous:

> The Court's opinion, *ante,* p. 2557, appears to me to indicate that it now regards as fully compatible the Court's decisions in *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), a diversity case, and *Colorado River Water Conservation v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), a federal issue case. I am not at all sure that this is so. I—as were Mr. Justice Stewart and Mr. Justice Stevens—was in dissent in *Colorado River,* and if the holding in that case is what I think it is, and if one assumes, as I do not, that *Brillhart* has any application here, the Court cut back on Mr. Justice Frankfurter's rather sweeping language in *Brillhart,* 316 U.S., at 494–495, 62 S.Ct. 1175–1176 (footnote omitted).

But Justice Blackmun then went on to state:

> Because Judge Will's stay order was issued prior to this Court's decision in *Colorado River,* and he therefore did not have such guidance as that case affords in the area, I join in the Court's reversal of the Court of Appeals' issuance of a writ of mandamus. The issuance was premature. The Court of Appeals should have done no more than require reconsideration of the case by Judge Will in light of *Colorado River.*

98 S.Ct. at 2560.

Thus, Justice Blackmun did not vote for reversal because he agreed with Justice Rehnquist that *Colorado River* did not control this case. Instead, his vote was predicated on a narrower ground: that it was improper for us to issue a writ of mandamus when the basis for the writ was the Supreme Court's decision in *Colorado River,* which had not been decided at the time the district court acted. Justice Blackmun's view is that, in the context of a petition for a writ of mandamus, we should have merely required the district court to reconsider its action in light of *Colorado River* rather than ourselves determining whether *Colorado River* compelled the district court to immediately adjudicate Calvert's federal claims.

Since the four Justices who joined Justice Brennan's opinion believed that under *Colorado River* the district court now has a clear obligation to immediately adjudicate Calvert's federal claims, it follows logically that these four Justices would favor going at least as far as Justice Blackmun and require the district court to determine whether its earlier deferral to concurrent state proceedings is now correct. Calvert is therefore arguably entitled to an order requiring the district court to reconsider its actions in this case in light of *Colorado River.*

The district court, however, in its statement filed with this court on remand, has indicated that it intends to follow such a course on its own motion. There is therefore no need for this court to take any further action.

The petition for a writ of mandamus is dismissed.