Robert L. GREEN, Robert L. Easton, Joyce A. Reed, Valerie Herring, Debra L. Pierson, William R. Long, Carl R. Childers, Paul R. Campbell, Richard Miller, Sylvester P. Schneider, Anna Marie Alms, Ronald Larson, and B. Richard Crain, Plaintiffs,

v.

INDAL, INC., a Virginia Corporation, Defendant.

Civ. No. 83–4091.

United States District Court, S.D. Illinois, Benton Division.

June 8, 1983.

---

Edward J. Heller, Reed, Heller & Mansfield, Murphysboro, Ill., for plaintiffs.

Mary Lou Rouhandeh, Feirich, Schoen, Mager, Green & Associates, Carbondale, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is defendant's Motion for Stay of Proceedings Pending Termination of State Proceedings. It should be denied.

The instant case was filed on April 14, 1983, alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (ERISA). Specifically, plaintiffs allege that defendant failed to follow through on a plan guaranteeing employee severance pay. Count I seeks to enforce plaintiffs' alleged rights under the plan, 29 U.S.C. § 1132(a), and Count II is for breach of fiduciary duty, 29 U.S.C. § 1109, 1132(a)(2).

In its motion, defendant reports that an identical action was filed in the Circuit Court for Jackson County, Illinois, on Au-

gust 19, 1982, nearly eight months before the instant action was filed.[1] Actually, the state action is identical only to Count I of this suit. Defendant argues that interests of judicial economy militate in favor of staying this action pending resolution of the same issues in state court. Defendant submits that the only difference between the two pending actions—that costs and attorney's fees are demanded here—provides no obstacle to staying this action because plaintiffs can amend the state complaint. Finally, defendant argues that by virtue of 29 U.S.C. Section 1132(e)(1), which furnishes the jurisdictional basis for suits "to enforce ... rights under the terms of the plan ..." Section 1132(a)(1)(B), the state has concurrent jurisdiction to adjudicate the issues pending before this Court.

Defendant's perception of the instant case in light of the applicable jurisdictional provision is erroneous. As noted, Count II charges breach of fiduciary duty—a claim that is committed to the exclusive jurisdiction of the federal district courts. 29 U.S.C. Section 1132(e)(1); *Levy v. Lewis,* 635 F.2d 960, 967 (2d Cir.1980); *Central States, Southeast and Southwest Areas Health and Welfare Fund v. Old Security Life Insurance Company,* 600 F.2d 671, 676 (7th Cir.1979); *Morrissey v. Curran,* 567 F.2d 546, 549 (2d Cir.1977); *Marshall v. Chase Manhattan Bank National Association,* 558 F.2d 680, 682 (2d Cir.1977). "Exclusive federal jurisdiction being present, only the federal courts have power to provide that affirmative relief." *Central States, supra,* 600 F.2d at 676. *Accord, McGough v. First Arlington National Bank,* 519 F.2d 552, 555 (7th Cir.1975). This factor renders abstention as to Count II inappropriate. *Levy, supra,* 635 F.2d at 967. Whether to stay Count I, the substance of which is within the concurrent jurisdiction of the state and federal courts, provides a more difficult issue.

Whether to stay a federal action in deference to a parallel state action is

---

1. Defendant has thoughtfully supported its motion with a copy of the complaint in state court, thus enabling this Court to evaluate clearly the similarities of the pending actions.

committed to the district court's discretion. *Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 664, 98 S.Ct. 2552, 2558, 57 L.Ed.2d 504 (1978); *Microsoftware Computer Systems v. Ontel Corporation,* 686 F.2d 531, 537 (7th Cir.1982). Federal Courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). "[T]he pendency of an action in the state court [by itself] is no bar to proceedings concerning the same manner in the Federal court having jurisdiction ...." *Microsoftware, supra,* 686 F.2d at 537, quoting *McClellan v. Carland,* 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762 (1910). However, "[i]t is equally well settled that a district court is 'under no compulsion to exercise that jurisdiction,' *Brillhart v. Excess Insurance Company,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942), where the controversy may be settled more expeditiously in the state court." *Will, supra,* 437 U.S. at 662–63, 98 S.Ct. at 2557. *Microsoftware, supra,* 686 F.2d at 537. *But see* 17 Wright, Miller & Cooper, *Federal Practice and Procedure,* Section 4247 at 114 (Supp.1983). Part and parcel of the "unflagging obligation" to exercise federal jurisdiction is the threshold requirement of showing "exceptional circumstances" warranting a stay of federal proceedings. *Colorado River, supra,* 424 U.S. at 818, 96 S.Ct. at 1246. *Voktas, Inc. v. Central Soya Company, Inc.,* 689 F.2d 103 (7th Cir.1982).

In *Colorado River,* the Supreme Court fashioned a "fourth class" of abstention, premised on the rationale of judicial economy.[2] In that case, "exceptional circumstances" existed warranting abstention. The Court considered a suit brought by the United States on behalf of Indian tribes and owners of non-Indian claims, to determine water rights in the Colorado River. In justifying abstention, the Court relied on: (1) the McCarren Amendment, 43 U.S.C. Section 666, which evinced a clear federal policy of "avoidance of piecemeal adjudication of water rights in a river system." 424 U.S. at 819, 96 S.Ct. at 1247; (2) the existence of state adjudicatory procedures for such matters; (3) the fact that the federal suit had just been initiated; (4) the large number of defendants in the state proceeding, demonstrating that a more comprehensive adjudication would occur there; (5) convenience of the location of the federal court; and (6) contemporaneous participation of the United States in the state proceeding. In recent opinions, the Seventh Circuit relied on the judicial economy rationale of *Colorado River* and also recognized several factors[3]: (1) the desirability of avoiding piecemeal litigation; (2) which suit was filed first; (3) the inconvenience of the federal forum; (4) which court assumed jurisdiction over the *res* involved; *Calvert Fire Ins. Co. v. American Mutual Reinsurance Company,* 600 F.2d 1228 (7th Cir.1979); (5) whether the federal suit is for delay or vexatious, *Id.;* (6) whether federal interests or questions are at stake in the dispute; (7) whether there is any indication the state court can fully and fairly litigate the dispute; (8) whether there would be a waste of efforts by both courts in litigating the same issues in two forums at once, *Microsoftware, supra,* 686 F.2d at 537–38; and (9) whether the claimant would be deprived of a federal forum if the stay is granted, *Evans Transportation Company v. Scullin Steel Company,* 693 F.2d 715, 718, 719 (7th Cir.1982). This list is not exhaustive, the district court's task is to exercise discretion based on "weighing ... a combination of factors." *Calvert, supra,* 600 F.2d at 1234. Despite the panoply of guideposts

**2.** The Supreme Court recognized that the situation where parallel suits are pending in different courts did not fall into any of the three traditional abstention categories. 424 U.S. at 813–17, 96 S.Ct. at 1244–46. *See generally,* 17 Wright, Miller & Cooper, *Federal Practice and Procedure,* Section 4247 at 515 (1978).

**3.** The Seventh Circuit made clear that the plurality decision of *Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978) reaffirmed the standards set forth in *Colorado River. Evans Trans. Co. v. Scullin Steel Co.,* 693 F.2d 715, 717 (7th Cir.1982); *Calvert Fire Ins. Co. v. Will,* 586 F.2d 12 (7th Cir.1978) (on remand).

generated by these recent opinions, it is not completely clear how discretion is to be used.

First, although *Microsoftware* Court found the existence of federal questions to be a relevant factor, the more recent *Evans* opinion seriously undercut that notion:

> [U]ntil Congress decides to alter or eliminate the diversity jurisdiction we are not free to treat the diversity litigant as a second-class litigant, and we would be doing just that if we allowed a weaker showing of judicial economy to justify abstention in a diversity case than in a federal question case.

693 F.2d at 717. The inescapable conclusion from this language is that the existence of federal questions is entirely irrelevant to the question of whether to defer to a pending parallel state case.[4] Accordingly, that Count I of plaintiff's complaint involves construction of ERISA is inconsequential. Second, and far less clear, is the required showing for abstention where staying the federal suit would not necessarily deprive the claimant of a federal forum. Again, contradictory signals are sent from the Seventh Circuit.

In *Burrows v. Sebastian,* 448 F.Supp. 51 (N.D.Ill.1978), the Court considered a situation where staying the federal action pending the outcome of an identical state action would not necessarily deprive the plaintiff of his federal forum. In ordering a stay, Judge Bua distinguished *Colorado River,* which involved facts requiring "exceptional circumstances" before a stay could be granted:

> The present situation . . . involves a "repetitive" rather than a "reactive" suit; both the state and parallel federal actions have been brought by the same plaintiffs. In such a situation, the federal court, by staying its proceeding pending the disposition or *voluntary dismissal* of the state court action, simply places the plaintiff in the position of having to decide in which of the two forums to pursue his claims . . . . *Where an order of stay or dismissal in no way infringes on a plaintiff's right to have his claims adjudicated in federal court it cannot be said that there has been any abrogation, justified or otherwise, of the court's "duty" to exercise its jurisdiction. Hence, such an order does not require "exceptional circumstances" in order to be warranted.*

448 F.Supp. at 53 (emphasis supplied).[5] Relying on the reasoning of *Colorado River,* Judge Bua went on to find that when the claimant's right to a federal forum would not be foreclosed regardless of what the federal court decided[6], the "unflagging duty" to exercise jurisdiction is no longer present "mak[ing] for a much more liberal granting of stays or dismissals in order to 'avoid duplicative litigation'." 448 F.Supp. at 53–54.

In the instant case, defendant relies strongly on *Burrows,* arguing that "exceptional circumstances" need not be demonstrated and that principles of judicial economy should be singularly sufficient. However, when confronted with a procedurally identical situation, the Seventh Circuit unequivocally rejected the *Burrows* approach on the ground that its reasoning represented a wholesale abandonment of the *Colorado River* "exceptional circumstances" criterion: "In the final analysis, the approach of the *Burrows* court must be rejected because it inadequately provides for the special obli-

---

**4.** This conclusion, of course, is inapplicable where the federal question involved is within the exclusive jurisdiction of the federal courts. *See Levy, supra,* 635 F.2d at 967. The question of whether to abstain in deference to a parallel state suit, under the *Colorado River* category of abstention, only arises when concurrent federal-state jurisdiction exists.

**5.** A critical point in Judge Bua's analysis was that *Colorado River* involved a state court defendant (federal plaintiff) who could not re-

move, thus translating any federal stay into a definitive finding that the merits of the dispute would be heard in state court. 448 F.Supp. at 53. *See also Calvert Fire Ins. Co. v. Will,* 560 F.2d 792 (7th Cir.1977).

**6.** Similar to the *Burrows* situation, a stay in this case would not definitely deprive plaintiffs of a federal forum. They could simply voluntarily dismiss their state action and have the federal stay lifted. *See Ill.Rev.Stat.,* ch. 110, Section 2–1009.

gation of the federal courts to exercise their jurisdiction." *Voktas, Inc., supra,* 689 F.2d at 102. But then two months later, the Seventh Circuit in *Evans, supra,* apparently adopted the *Burrows* approach *in toto.* The Court held that "[w]hen [a stay] operates to deny a litigant a federal forum to which the jurisdiction statutes appear to entitle him it should not be granted unless there are reasons going beyond the interest of judicial economy, an interest engaged whenever they are parallel suits." 693 F.2d at 718. The Court continued: "If ... the question is not whether the federal claimant shall have access to a federal court but which federal court he shall have access to, *considerations of judicial economy become decisive,* for there is no question of depriving a litigant of his right to litigate in federal court." 693 F.2d at 719 (emphasis supplied).[7] The Court identified the situation presented in *Microsoftware* as an example of where a stay could be granted solely on grounds of judicial economy. In *Microsoftware,* the federal plaintiff (the defendant in a state suit raising similar issues) was not deprived of a federal forum by the federal stay; it had the opportunity to remove the state action to federal court.

After *Evans,* it is apparently the law of this circuit that if staying a federal action would not definitely foreclose the federal claimant of his federal forum, such a stay can be granted purely for reasons of judicial economy, and "exceptional circumstanc-

es" need not be shown. Only where granting the stay would definitely commit resolution of the issues to state court must the stay be warranted by "exceptional circumstances." Applying that principle to the instant case yields the conclusion that a stay need only be supported on grounds of judicial economy.[8]

Even using this watered-down threshold, the Court declines to stay resolution of Count I. The judicial economy rationale recognizes abstention as a tool to prevent waste occasioned by two identical suits being litigated in different courts. *Evans, supra,* 693 F.2d at 719. Judicial economy would not be served by staying Count I. Given this Court's duty not to stay Count II, over which exclusive federal jurisdiction exists, two nearly identical lawsuits will be litigated in two different places regardless of whether Count I is stayed. And given that "abstention 'is the exception, not the rule'," *Levy, supra,* 635 F.2d at 967, *quoting Colorado River, supra,* 424 U.S. at 813, 96 S.Ct. at 1244, this Court declines to exercise that exception when no benefit will be achieved. Moreover, the Court believes that judicial diseconomy would result in ordering a stay of Count I. The judicial economy rationale also subsumes the idea that the court that is better able and equipped to make a more comprehensive adjudication of the disputes between the litigants should not stay its hand. *See Colorado River, supra,* 424 U.S. at 820,

---

7. However, earlier in the opinion, the Court suggested that judicial diseconomy, standing alone, is never enough to warrant a stay: "[I]t is not enough, to justify abstention, that a failure to stay the federal suit may result in judicial diseconomy—in having two active lawsuits instead of one. That will always be possible when there is a parallel state suit pending." *Evans, supra,* 693 F.2d at 717.

8. If the Court misperceives the law of this circuit, then "exceptional circumstances" must be demonstrated here. The reliance in *Evans* on the proposition that judicial diseconomy is never enough supports the notion that "exceptional circumstances" must exist. *See* note 6, *supra.* Defendant has failed to demonstrate "exceptional circumstances." *See Voktas, Inc., supra* (involved an identical state suit and Court found no exceptional circumstances ex-

isting). In fact, defendant's showing goes no further than the interest of judicial economy. Further, this Court believes that the *Levy* decision, viscerally analogous, is distinguishable. The *Levy* Court deferred to a state court ERISA action adjudicating a claim against a fund held by the statutory liquidator of an insolvent company. The strong interests of avoiding piecemeal litigation involving a single fund over which the state court had earlier established jurisdiction simply do not apply here. Further, the *Levy* Court found that the ERISA count falling within exclusive federal jurisdiction failed to state a cognizable claim for relief; consequently, deference to a parallel state action for the claim within the courts' concurrent jurisdictions did not result in piecemeal litigation. Here, the exclusively federal claim is not being dismissed.

96 S.Ct. at 1247; *Cartledge v. Miller,* 457 F.Supp. 1146, 1153 (S.D.N.Y.1978). Unquestionably, the dispute between plaintiffs and defendant can be more comprehensively adjudicated in this forum. This action includes issues not raised by the state litigation: a claim for breach of fiduciary duty, committed to exclusive federal jurisdiction; and a claim for statutory costs and attorney's fees. Further, it would be senseless to stay Count I and litigate Count II where both are premised on the same factual basis. Finally, the Court makes this determination without any showing by defendant how far along the state litigation has progressed. It would surely be unwise to abdicate jurisdiction purely on the speculation that the state suit is on the eve of resolution.

Accordingly, defendant's Motion for Stay of Proceedings Pending Termination of State Proceedings is hereby DENIED.

IT IS SO ORDERED.