Robert Victor TAYLOR and the People of the State of Illinois for the use of Robert Victor Taylor, Plaintiffs-Appellants,

v.

Russell OXFORD, Sheriff of Williamson County, Illinois, and Warden ex Officio of the Williamson County Jail, and Western Surety Company, a corporation of Sioux Falls, South Dakota, and United States Marshals Reid and Feezer, Defendants-Appellees.

No. 77–1647.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 18, 1978.

Decided May 5, 1978.

Dennis J. Hogan, Murphysboro, Ill., for plaintiffs-appellants.

Timothy J. Gifford, Asst. U. S. Atty., East St. Louis, Ill., Robert T. Coleman, Asst. State's Atty., Marion, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, WOOD, Circuit Judge, and REYNOLDS, Chief District Judge.*

HARLINGTON WOOD, JR., Circuit Judge.

By order of this court entered on September 29, 1977, the parties were requested to respond to the question of whether or not this court had jurisdiction to entertain this appeal directly from a "judgment" entered by a United States Magistrate granting defendants' motion to dismiss for failure to state a cause of action. It was further ordered on October 26, 1977, that the jurisdiction issue be taken with the case when argued on the merits. We believe this court lacks jurisdiction.

Plaintiff filed in the Circuit Court of Williamson County, Illinois, a complaint against the sheriff of that county, the surety on the sheriff's official bond, and two deputy U. S. Marshals of the Eastern District of Illinois seeking money damages alleging that plaintiff had been unlawfully detained overnight in the Williamson County Jail after his arrest by the deputy marshals on a federal warrant. The United States Attorney, on behalf of the deputy marshals, filed a Petition for Removal to the United States District Court. Defendants filed motions to dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted. Thereafter the district judge entered an Order of Reference to the United States Magistrate stated to be in accordance with 28 U.S.C. § 636,[1] Rule 38 of the Rules of Practice for the United States District Court,[2] and pursuant to stipulation of the parties [3] "for the

---

* Chief District Judge John W. Reynolds of the Eastern District of Wisconsin is sitting by designation.

1. The pertinent parts of Title 28 read as follows:

Section 636(b)(1)(A)

A judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

Section 636(b)(1)(B)

A judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A).

Section 636(b)(3)

A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.

Section 636(b)(4)

Each district court shall establish rules pursuant to which the magistrates shall discharge their duties.

2. Rule 38 of the United States District Court for the Eastern District of Illinois provides in pertinent part:

In addition to the other powers expressly provided by Rule 38(b), the Magistrate shall have the authority to:

\* \* \* \* \* \* .

(C) With the written consent of the parties, hear and determine all motions, conduct the trial, and enter findings of fact and conclusions of law and final judgments in civil cases.

3. The stipulation is not part of the record on appeal.

purposes of conducting all proceedings, including trial and entry of final judgment." The magistrate denied plaintiff's motion to remand to the state court, and allowed defendants' motions to dismiss the complaint for failure to state a cause of action. On April 15, 1977, the magistrate entered what purports to be a "judgment" dismissing the case.[4] Plaintiff appealed.

Section 636(b)(1)(A) specifically excepts a motion to dismiss for failure to state a claim upon which relief can be granted from the pretrial matters which a judge may designate a magistrate to hear. In this case there was no recommendation made by the magistrate for disposition by the judge as contemplated in Section 636(b)(1)(B).

Rule 38(b)(5)(C) of the district court regulating the duties and powers of the full-time magistrate, adopted pursuant to Section 636(b)(4), apparently relies on 636(b)(3) which permits the assignment of additional duties to the magistrate not inconsistent with the Constitution and laws of the United States. We do not read the statute as permitting under the latter general section that which is specifically prohibited by preceding Section 636(b)(1)(A). The statute makes no mention, no exception, and grants no additional power to a magistrate by reason of the consent of the parties, and in particular no otherwise excepted power to enter final judgment following the magistrate's ruling on a dispositive motion.[5]

 Nor does the legislative history of the Act suggest such a broad interpretation that would support this rule of the district court.[6] It appears that it was not intended that the magistrate would have the power to hear and determine dispositive motions. It was only intended that a judge could assign a dispositive motion to a magistrate for hearing and submission of proposed findings and recommendation to the judge for ultimate disposition. The adjudicatory power over dispositive motions was to be exercised only by the judge, but it could be with the assistance and upon the recommendation of the magistrate. Section 636(b)(3) permits the assignment of additional duties to a magistrate not inconsistent with the Constitution and laws of the United States. It was anticipated that this subsection would permit innovative experimentation by the courts. However, the examples given in the legislative history, such as review of default judgments and acceptance of returns of jury verdicts if the judge is unavailable, together with other administrative type functions, such as the appointment of attorneys in criminal cases, strongly suggests the statute's intended limitations. Innovative experiments may be admirable, and considering the heavy case loads in the district courts, understandable, but experiments must stay within the limitations of the statute.[7]

 Consent is a form of waiver. Certain Constitutional rights, trial by jury rather than by the court, prosecution by indictment rather than by information, and other similar rights may be knowingly waived. Here, however, more is involved than mere waiver. By consent the parties attempt not only to waive the right to have the matter determined by the court, but attempt to confer jurisdiction upon the magistrate which the magistrate does not possess, and to amend the appellate process

4. We note also that Rule 58 of the Federal Rules of Civil Procedure provides that it is the clerk, not the magistrate, who is to enter judgment on a separate document.

5. Consent of the parties is provided for in the statute only in regard to the appointment of the magistrate as a special master pursuant to Section 636(b)(2), which is not relevant to this case, except any significance it may have demonstrating that Congress considered consent favorably in one situation but not in other circumstances.

6. The pertinent legislative history pertaining to the Act of October 21, 1976, Pub.L.No.94–577, 90 Stat. 2729, may be found in 1976 U.S.Code Cong. & Admin.News p. 6162, H.R.Rep.No.94–1609.

7. Congress may provide some statutory relief. Senate Bill 1612, now pending in the House, would enlarge the jurisdiction of magistrates by permitting them, with the consent of litigants, to conduct any civil proceedings or any criminal misdemeanor case.

to provide that this court, not the district court, shall directly review the work of the magistrate.

By this decision we do not intend to imply that the magistrate's attempted resolution of the matter was otherwise erroneous. Although briefed and argued, there is no need to reach the merits.

APPEAL DISMISSED.