**Lee W. HILL, Plaintiff-Appellant,**

v.

**Leo JENKINS et al.,
Defendants-Appellees.**

No. 78–1227.

United States Court of Appeals,
Seventh Circuit.

Argued March 1, 1979.

Decided Aug. 6, 1979.

Nicole Finitzo, Jenner & Block, Chicago, Ill., for plaintiff-appellant.

Kermit R. Hilles, Deputy Atty. Gen., Indianapolis, Ind., for defendants-appellees.

Before SWYGERT, SPRECHER and BAUER, Circuit Judges.

BAUER, Circuit Judge.

Plaintiff-appellant Lee W. Hill appeals from the order of the district court granting judgment in favor of defendants-appellees on his *pro se* complaint brought under 42 U.S.C. § 1983 for an alleged violation of the Fourth and Fourteenth Amendments. First, appellant challenges the adjudicatory procedure utilized by the district court, in which this action was referred to a United States Magistrate for purposes of conducting an evidentiary hearing. Second, the appellant challenges the adverse decision of the district court on the merits of his Section 1983 claims. Without reaching the merits of the appellant's Section 1983 claims, we reverse the order of the district court on procedural grounds, and remand the cause to the district court for further proceedings not inconsistent with this opinion.

I

Appellant is and, at all times relevant to this action, has been an inmate at the Indiana State Prison in Michigan City, Indiana. After unsuccessfully pursuing his claim through prison administrative channels, he filed a *pro se* complaint on October 17, 1975, alleging that the conduct of prison personnel during the course of a shakedown at the prison on February 6, 1975 resulted in certain items of personal property being removed from his prison locker and not returned in violation of the Fourth and Fourteenth Amendments. Appellant demanded a jury trial and sought damages as well as injunctive and declaratory relief against the Commissioner of the Indiana Department of Corrections, the Warden, the Assistant Warden, and two correctional officers assigned to the prison at the time of the shakedown.

On August 10, 1977, the district judge entered an order setting the case for an evidentiary hearing to be held at the prison on December 27, 1977 before the judge or a duly appointed United States Magistrate. The district court subsequently denied the appellant's request for appointment of counsel, but permitted him to proceed with his *pro se* complaint *in forma pauperis*. The hearing was held before United States Magistrate Wilbur Glendenning, without a jury, on December 27, 1977, at which the appellant testified, called witnesses, cross-examined the appellees' witnesses, and introduced evidence supportive of the allegations raised in his complaint. At the conclusion of the hearing, the magistrate requested the parties to submit their proposed findings of fact and conclusions of law to him by January 16, 1978.

On January 2, 1978, the appellant sent a letter to the district judge, in which he apprised the judge of his *pro se* status and requested information and assistance concerning the material he was required to submit to the magistrate. The record is silent as to the response of the district judge to this request, and apparently the appellant did not submit any proposed findings of fact and conclusions of law to the magistrate. The appellees, however, did submit their proposed findings of fact and conclusions of law on January 16, 1978, although these documents were filed with the district court rather than with the magistrate. Moreover, the record does not reveal any filing by the magistrate with the district court of a report containing his proposed findings and recommendations for the disposition of the case.

On January 28, 1978, the district court adopted *verbatim* the findings of fact and conclusions of law submitted by the appellees, and entered an order granting judgment in favor of the appellees, from which the appellant appeals to this Court.

## II

First, appellant challenges the adjudicatory procedure utilized by the district court, in which this case was referred to a United States Magistrate for purposes of conducting an evidentiary hearing on his *pro se* complaint. The appellant contends that a reference to a magistrate for purposes of conducting a civil trial is not sanctioned by article III of the Constitution, the Magistrates Act, or any local court rule.

As a threshold matter, we conclude that the evidentiary hearing conducted by the magistrate in this case constituted a civil trial for all intents and purposes. Although this conclusion is assumed by the appellant in his arguments before this Court, the procedural setting governing this case persuades us that the hearing is more properly characterized as a trial. The appellant demanded a jury trial on the issues raised in his complaint, and the district court *sua sponte* referred the case to a magistrate for an evidentiary hearing which resulted in a case-dispositive trial on the merits. The hearing itself, albeit informal in view of the appellant's *pro se* status and the fact that it was held in a prison setting, contained the fundamental indicia of a civil trial. Moreover, the hearing presumably established the predicate for the findings of fact and conclusions of law that were submitted by the appellees to the district court. Since neither the appellant nor the magistrate filed any findings or recommendations, and the district court adopted *verbatim* the findings and conclusions of the appellees and entered judgment accordingly, the hearing resulted in a trial on the merits of the appellant's complaint.

■ Addressing the appellant's first argument challenging the adjudicatory procedure utilized in this case, we conclude that references to a United States Magistrate for purposes of conducting civil trials are constitutionally and statutorily permissible. *Muhich v. Allen,* 603 F.2d 1247 at 1252 (7th Cir. 1979); *See DeCosta v. Columbia Broadcasting System, Inc.,* 520 F.2d 499 (1st Cir. 1975). In *Muhich v. Allen, supra,* this Court set forth the constitutional and statu-

tory requirements governing such references:

> "[W]e hold that, pursuant to an order of the district court, a consensual reference to a United States Magistrate for purposes of conducting a civil trial is proper, where the district court reviews *de novo* the proceedings held before the magistrate, the findings and recommendations of the magistrate filed with the court, and the objections, if any, of the parties filed thereto, and where the district court directs the entry of a final judgment supported by the evidence adduced at trial and the law applicable thereto."

*Muhich v. Allen, supra* at 1252.

■ However, the reference procedure in this case utterly failed to satisfy these standards. Without the consent of the parties, the district court *sua sponte* referred the case to the magistrate for an evidentiary hearing. Although the Magistrates Act contemplates such unilateral references for purposes of conducting evidentiary hearings, 28 U.S.C. §§ 636(b)(1)(A) and (B), we held in *Muhich* that the consent of litigants is required where, as here, the reference is for the purpose of conducting a civil trial. Also absent in this case is the existence of any local court rules permitting a magistrate to preside over a civil trial, as contemplated by Sections 636(b)(3) and (4) of the Act.

Moreover, the record in this case compels the conclusion that the district court did not conduct a *de novo* review of the proceedings held before the magistrate, as required by the Act. 28 U.S.C. § 636(b)(1)(C). Rather, the district court adopted *verbatim* the findings of fact and conclusions of law submitted to him by the appellees, and proceeded to enter an order granting judgment in favor of the appellees. In reaching this determination, the district judge did not have before him any findings or conclusions submitted by the appellant. Nor did the district court have the benefit of the magistrate's findings and recommendations for disposition of the case, as required by Section 636(b)(1)(C) of the Act, since the magistrate never filed a report on the proceedings with the district court. Consequently,

neither party had an opportunity to file objections, if any, to the magistrate's report. Indeed, the district judge did not even have before him the transcript of the hearing, since it was not prepared by the court reporter until after this appeal had been filed. Given these material deficiencies in the record, it cannot be said that the judgment appealed from is supported by the evidence adduced at trial and the law applicable thereto. Accordingly, we conclude the adjudicatory procedures utilized by the district court in this case did not comport with the requirements of the Magistrates Act.

### III

■ Although these procedural defects are dispositive of this appeal, we are constrained to address an additional issue raised by the appellant because of its importance to the administration of the Magistrates Act within this Circuit. As an alternative ground for reversal, the appellant contends that even if the Magistrates Act constitutionally authorizes referrals to a magistrate for a civil trial, the reference in this case resulted in a denial of his due process and equal protection rights under the Fifth Amendment. Since we conclude that the Act authorizes the trial before a magistrate of civil actions brought by both prisoner and non-prisoner plaintiffs, we find the appellant's equal protection argument to be without merit. We also find the appellant's due process arguments to be equally without merit.

In the latter regard, the appellant's reliance on *United States v. Raddatz,* 592 F.2d 976 (7th Cir. 1979), is misplaced. Although in *Raddatz* we held that the referral to a magistrate for purposes of conducting a hearing on the defendant's motion to suppress evidence violated his due process rights, we further emphasized that *Raddatz* was a criminal case in which the circumstances necessitated that the trier of fact personally hear the evidence to guarantee a meaningful determination of the facts. *United States v. Raddatz, supra* at 983. This case does not present such countervailing constitutional considerations.

### IV

Finally, the appellant challenges the decision of the district court on the merits of his complaint. Since we dispose of this case on procedural grounds, we find it unnecessary to reach the merits of the appellant's Section 1983 claims. Accordingly, we reverse the judgment appealed from, and remand the cause with instructions to reinstate the appellant's complaint.

REVERSED AND REMANDED.

SWYGERT, Circuit Judge, concurring in the result.

I agree with the result reached in this case, but dissent in major part from the majority's reasoning. In the first place, the majority does not address the threshold and crucial issue: subject matter jurisdiction as authorized by the Magistrates Act for a reference of this case to a magistrate.[1] This appeal, in my judgment, requires us to interpret the meaning of the phrase "conditions of confinement" as that phrase is used in the Act, 28 U.S.C. § 636(b)(1)(B).[2] The district court, ruling *sub silentio* that plaintiff's claim came within the provisions of the Act, referred this case to the magistrate for an evidentiary hearing. The reference

1. This subject matter jurisdiction issue was the paramount issue presented by the plaintiff-appellant. It would seem that the failure of the majority to deal with that issue is the result of faulty logic. By referring to this court's holding in *Muhich v. Allen,* 603 F.2d 1247 (7th Cir., 1979), that a magistrate is authorized under the Magistrates Act to try a civil trial when the parties consent, the majority here constructs as a major premise the proposition that if the parties do not agree to a civil trial before a magistrate, a reference for such purpose is improper. Because there was no consent here,

the majority concludes that the reference was improper. The flaw in this syllogism is that not all references to a magistrate under the Act must have the parties' consent. The Act lists numerous instances in which a magistrate may preside over an evidentiary hearing or trial without consent as a precondition under the *Muhich* ruling. Therefore, the question remains—not answered by the majority's syllogistic but faulty reasoning—when no consent is given, is the matter nonetheless referable?

2. 28 U.S.C. § 636(b)(1)(B) reads:

was outside the jurisdiction conferred by the Act. We should go no further and reverse for further proceedings before the district court judge.[3]

Congress has limited a magistrate's jurisdiction over prisoners' petitions to those which challenge "conditions of confinement." Presumably, that phrase encompasses ongoing prison practices and regulations with regard to matters such as placement in maximum security, deadlocks, unhealthy living conditions, unnecessary exposure to violence-prone inmates, overcrowded physical environments, and cruel or unusual punishment by prison authorities. In the case at bar, the plaintiff is not challenging any conditions of his confinement; rather, he seeks damages for the loss of his property resulting from a single incident that occurred in the prison. To include this case under the statutory rubric of section 636(b)(1)(B) would require a strained interpretation that no logic could justify.

Furthermore, a reference of this case to the magistrate for trial was not authorized by section 636(b)(3) of the Act which permits the assignment to magistrates of "such additional duties as are not inconsistent with the Constitution and laws of the United States."[4] The legislative history of the Act clearly shows that Congress intended this subsection to be restricted to administrative and other functions in aid of the business of the courts. See H.R.Rep.No.94–1609, 94th Cong., 2d Sess. 12, reprinted in [1976] U.S.Code Cong. & Ad.News 6162, 6172. Muhich v. Allen, 603 F.2d 1247 (7th Cir., 1979), (Swygert, J., dissenting, p. 13). See also Taylor v. Oxford, 575 F.2d 152, 154 (7th Cir. 1978). Thus, Congress has not authorized a magistrate to accept subject matter jurisdiction over a case such as this. And it is axiomatic that parties cannot themselves confer subject matter jurisdiction. See, e. g., Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934); C. Wright, Federal Courts 17 (3d ed. 1976).

Since Congress has not authorized cases such as this one to be referred to a magistrate, the district court judge was without power to assign the case to a magistrate. Being without that power, no subsequent action of the district court could have validated that assignment.

Finally, I agree with my Brothers' conclusion that the unorthodox procedures used by the district court judge were improper and would have compelled us to reverse in any event.

---

A judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for post trial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

3. The majority concludes that reference to a United States magistrate for purposes of conducting civil trials is constitutionally and statutorily permissible. Although the constitutional issue is of serious import, I must disagree with the majority without reaching that issue. As developed in my dissent in Muhich v. Allen, supra, I am of the firm belief that the Magistrates Act does not authorize magistrates to conduct civil trials, with or without consent of the parties, whether they be jury or bench trials.

4. Section 636(b)(3) provides:

A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.