CENTRAL SOYA COMPANY, INC., an Indiana Corporation and Central Soya International, Inc., a Panamanian Corporation, Petitioners,

v.

VOKTAS, INC., a Greek Corporation, Respondent.

No. 80–8040.

United States Court of Appeals, Seventh Circuit.

Oct. 1, 1981.

Thomas W. Yoder, Hunt, Suedhoff, Borror, Eibacher & Lee, Shoaff, Keegan, Baird & Simon, Fort Wayne, Ind., for petitioners.

Raymond E. Vickery, Johnson & Vickery, Vienna, Va., William F. McNagny, Barrett, Barrett & McNagny, Fort Wayne, Ind., for respondent.

Before FAIRCHILD, Senior Circuit Judge, and PELL and CUDAHY, Circuit Judges.

PER CURIAM.

Central Soya Company, Inc., and Central Soya International, Inc. ("defendants" or "Central Soya") seek leave to appeal an interlocutory order entered by United States Magistrate Lee and certified by him for appeal pursuant to 28 U.S.C. § 1292(b). Voktas, Inc. ("plaintiff" or "Voktas") has filed an answer in opposition to Central Soya's petition for permission to appeal. During its consideration of this petition, the court ordered, sua sponte, that the parties file additional memoranda as to whether a magistrate is empowered to certify a question for interlocutory appeal under 28 U.S.C. § 1292(b). We conclude that a United States Magistrate under these circumstances is authorized to make a Section 1292(b) certification and we grant leave to appeal.

## I

The underlying dispute between Central Soya and Voktas arose out of Central Soya's manufacture and sale of allegedly defective chicken feed to Voktas. Voktas originally brought suit on August 13, 1979, in Indiana state courts seeking damages computed on several theories for breach of implied warranty of merchantability, implied warranty of fitness, express warranties, strict liability, negligence per se, etc. In state court, the parties have been engaged in a variety of pretrial discovery maneuvers. The state litigation remained pending at the time the instant petition was filed in this court.

On November 20, 1979, Voktas, plaintiff in the state court proceedings, filed an identical complaint in federal district court, apparently based on diversity jurisdiction, 28 U.S.C. § 1332(a)(2). Defendants assert that while the same parties, issues and factual contexts are before both courts,[1] plaintiff has made no effort to stay, dismiss or otherwise abate its state court action. After the consent of the parties, United States Magistrate Lee was designated to conduct the proceedings in the federal action. 28 U.S.C. § 636(c)(1).[2]

On January 24, 1980, Central Soya moved in federal court for a stay of all proceedings in the federal action pending disposition of the prior state court action. Magistrate Lee denied the motion on July 21, 1980,[3] relying on *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), *Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228 (7th Cir. 1979), and refusing to follow *Burrows v. Sebastian*, 448 F.Supp. 51 (N.D.Ill.1978). The magistrate, pursuant to 28 U.S.C. § 1292(b),[4] concluded his order in the following fashion:

The order denying defendants' motion for stay of proceedings being otherwise unappealable, this court now determines that such order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation; provided, however, that application for appeal hereunder shall not stay proceedings in this court.

This petition for leave to appeal followed.

During its deliberations on whether to permit this appeal, the court ordered additional memoranda of law on a magistrate's power to certify a question for interlocutory appeal under Section 1292(b), noting that while the Federal Magistrates Act, 28 U.S.C. § 631 *et seq.*,[5] speaks of the magis-

---

1. There are some distinctions in the procedural posture of the two cases not relevant here.

2. 28 U.S.C. § 636(c)(1) provides in pertinent part,

   Notwithstanding any provision of law to the contrary—
   (1) Upon the consent of the parties, a full-time United States magistrate ... may conduct any or all proceedings in a jury or non-jury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

3. The district court docket sheet, submitted by Voktas in its response to the permission to appeal, shows that "a request for decision to stay directed to J. Eschbach [was] filed" by plaintiff on May 30, 1980. We have no indication that Judge Eschbach ever ruled on this "request".

4. 28 U.S.C. § 1292(b) provides,

   When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

5. The Federal Magistrates Act provides in pertinent part,

   Upon entry of judgment in any case referred under paragraph (1) of the subsection,

trate's power as equivalent to the district court's, Section 1292(b) calls for a statement in writing from the district judge.[6]

## II

The Federal Magistrates Act of 1979 [7] enlarged the powers and responsibilities of federal magistrates by conferring on them the power under certain circumstances to conduct all proceedings in a jury or non-jury civil matter and order the entry of judgment in the case.[8] Once judgment is entered, an aggrieved party may appeal directly to the Court of Appeals from the magistrate's judgment "in the same manner as an appeal from any other judgment of a district court." [9] Before the 1979 amendments, magistrates, even when acting on consent of the parties, could not enter a final judgment directly appealable to the court of appeals. Rather, a magistrate's report and recommendation were reviewed first by the district court judge from whose final decision an appeal could be taken. *Taylor v. Oxford*, 575 F.2d 152 (7th Cir. 1978).[10]

The issue we decide is whether these 1979 amendments, increasing the scope of a magistrate's jurisdiction to include entry of orders appealable as "any other judgment of the district *court*," extend to Section 1292(b) certifications, where a district *judge's* statement in writing is required. Our decision is hampered by Congress' failure to address the issue directly when enacting the amendment. However the sweep of the jurisdictional extensions permitting conduct of "any or all proceedings

an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate in the same manner as an appeal from any other judgment of a *district court*. In this circumstance, the consent of the parties allows a magistrate designated to exercise civil jurisdiction under paragraph (1) of the subsection to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.
28 U.S.C. § 636(c)(3) (emphasis added). For text of paragraph 1, *see* footnote 2 *supra*.

6. This court also ordered that the parties' memoranda include a discussion as to whether a denial of a stay by the magistrate in this instance is in effect a denial of injunction which provides jurisdiction for the court of appeals under 28 U.S.C. § 1292(a)(1). *Ettelson v. Metropolitan Life Insurance Co.*, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942); *Enelow v. New York Life Insurance Co.*, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935). While the parties addressed this issue in their memoranda, defendants have not followed the notice of appeal provisions such an appeal requires. Fed.R. App.P. 4(a)(1); *cf.* Fed.R.App.P. 5 (§ 1292(b) petitions to appeal) and *Amalgamated Meat Cutters v. Thompson Farms Co.*, 642 F.2d 1065 (7th Cir., 1981) (*nunc pro tunc* § 1292(b) order allowed to stand for Fed.R.Civ.P. 54(b) certification "in appropriate cases"). Accordingly, the question whether the magistrate's order falls within the *Enelow-Ettelson* doctrine to confer § 1292(a)(1) appellate jurisdiction is not before us.

7. Pub. L. 96–82, 93 Stat. 643, codified at 28 U.S.C. § 631 *et seq.* (1979), amending Pub. L. 90-578, 82 Stat. 1113 (1968). This court has had occasion to examine the Federal Magistrates Act in the light of earlier amendments, *Muhich v. Allen*, 603 F.2d 1247 (7th Cir. 1979) and *Hill v. Jenkins*, 603 F.2d 1256 (7th Cir. 1979) (1976 amendments, Pub.L. 94–577, 90 Stat. 2729 (1976) codified at 28 U.S.C. § 636(b)), and in its original form, *TPO, Incorporated v. McMillen*, 460 F.2d 348 (7th Cir. 1972).

8. 28 U.S.C. § 636(c)(1), quoted in relevant part at footnote 2 *supra*.

9. 28 U.S.C. § 636(c)(3), quoted in relevant part at footnote 5 *supra*. *Cf.* § 636(c)(4), discussed *infra*.

10. The *Taylor* rule still applies to decisions reached by a magistrate who is not conducting proceedings upon consent of the parties under § 636(c). In the 1979 amendments, Congress left intact the earlier procedure in non-consensual cases requiring the magistrate, after conducting a hearing, to file proposed findings and recommendation with the district court and permitting a de novo determination by a judge of the court on those portions of the report or specified proposed findings or recommendations to which a party objects. The judge may then accept, reject, modify in whole or part these findings and recommendations, receive further evidence, or recommit the matter to the magistrate. 28 U.S.C. § 636(b). *See also U. S. v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), *Muhich v. Allen, supra*, n.7, and *Hill v. Jenkins, supra*, n.7 (party consent, de novo review, local enabling rules required for § 636(b) reference to magistrate for civil trial).

in a ... civil matter," § 636(c)(1), was sufficiently broad to include Section 1292(b) certification.

The legislative history of the 1979 amendments bears out this conclusion. The right of appeal to the court of appeals, or "case dispositive jurisdiction," was included in the general broadening of magistrates' powers and responsibilities. S.Rpt. 74, 96th Cong., 1st Sess., *reprinted in* [1979] U.S.Code Cong. & Admin.News 1469. Congress had before it the restrictive judicial interpretations of earlier versions of the act, *id.* at 4–5, [1979] U.S.Code Cong. & Admin.News at 1472, citing *TPO, Incorporated v. McMillen,* 460 F.2d 348 (7th Cir. 1972), and concluded it should further,

> clarif[y] and broaden[ ] the role of magistrates in assisting district judges in the disposition of cases which would ordinarily be tried by a district judge. The bill considered here would enlarge upon the jurisdiction of magistrates to actually conduct trials of cases and to direct the entry of judgments in both civil and criminal trials.

*Id.* at 4–5, [1979] U.S.Code Cong. & Admin. News at 1472.

In conference, the House and Senate managers of the bill directly addressed the appeal of decisions rendered by magistrates. Their Joint Explanatory Statement states,

### APPELLATE ROUTE IN CIVIL CASES

> Appeals from magistrates' decisions in civil cases will be taken directly to the appropriate court of appeals unless the parties at the time of reference of the case to the magistrate agree to take any appeals to the district court. The conferees carefully weighed the merits of appeal to the district court being the rule with the option of appealing to the court of appeals if the parties consented. Although there are pros and cons to either approach, the conferees felt that litigants who consented to a case disposition by a magistrate were entitled to the same presumption as to route of appeal that litigants having their case heard before a district court judge were entitled. If the parties desire, they may further consent to appeal directly to the district court. Thus, the conferees retained an alternative appellate route. It is hoped that this will add needed flexibility to the Federal judicial system.

H.R.Conf.Rpt. 444, 96th Cong., 1st Sess. 8, *reprinted in* [1979] U.S.Code Cong. & Admin.News 1488.[11]

Thus while Congress did not explicitly address the issue of Section 1292(b) certifications, the general broadening of magistrates' powers in the 1979 amendments warrants the conclusion that Congress intended to authorize magistrates to certify interlocutory orders for direct appeal.

The unique position of interlocutory appeals under 28 U.S.C. § 1292(b) does not compel a different conclusion. The language at issue here, statement in writing by the district judge, does not confer a special status on his interlocutory order except that it may be the subject of a petition for appeal. We note in passing that in 1958, when the Interlocutory Appeals Act, Pub.L. 85–919, 72 Stat. 1770, codified at 28 U.S.C. § 1292(b) (1958), was enacted, there were no judicial officers with powers comparable to magistrates today.

We hold therefore that a certification entered under 28 U.S.C. § 1292(b) by a magistrate conducting proceedings by consent pursuant to 28 U.S.C. § 636(c) may be properly the subject for a petition for leave to appeal directly to the court of appeals.

### III

Upon due consideration, we grant permission to appeal. The normal briefing schedule will commence with the date of this decision.

PELL, Circuit Judge, dissenting.

With all due respect to the conclusion reached by the majority of this panel that a

---

11. This discussion is also representative of the interchangeability of the terms "district court" and "district judge". It is apparent Congress made no distinction between the two. *See also* footnote 4 *supra.*

magistrate can certify a basis for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), I cannot conclude that the Federal Magistrates Act of 1979, as broad as it is, is applicable to appeals under § 1292(b). That section specifically and expressly empowers "a district judge" not a district court to take steps under it. The majority opinion refers to the 1979 amendments giving "case dispositive jurisdiction" to the magistrates. We are here, however, not dealing with a judgment that will dispose of the case. Instead it lays the way for an attempt at an interlocutory appeal which, in the wording of a typical certificate, "may materially advance the ultimate determination of the litigation," but which, in real life, often results in a substantial delay to that determination. While the magistrate may order the proceedings before him or her not to be stayed, it would seem unlikely that vigorous litigation would continue while a potentially dispositive proceeding is lodged in a superior court.

It is one thing when the parties have agreed to the magistrate exercising the full powers of a "district court" that the final judgment entered by the magistrate be reviewed on appeal by this court. It is quite a different thing to say that during the course of proceedings before the magistrate interlocutory appeals can be brought to this court already overburdened by final appeals, when the general policy of our system of jurisprudence is that there should not be piecemeal review of litigation but only review of *final* decisions. Section 1292(b) is an exception to the finality rule but that exception for activation requires the concurrence of "a district judge" and the "Court of Appeals." Here there has been no action by the "district judge" and the majority opinion is in effect amending by implication from the general language of the Magistrates Act of 1979 the specific language of § 1292(b).

I would for that reason decline to entertain this appeal on the basis of lack of jurisdiction.