**Henderson Duval HOUGHTON, Plaintiff-Appellant,**

v.

**Glenn OSBORNE, Frank Tuss, H. William Coder, Joel G. Roth and Gladys M. Vance, Defendants-Appellees.**

**No. 85–4205.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 1987.*

Decided Dec. 14, 1987.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Henderson Duval Houghton, pro se.

Barbara L. Bosman–Moss, Asst. Atty. Gen., Helena, Mont., for defendants-appellees Coder and Roth.

Nancy P. Cory, Ugrin, Alexander, Zadick & Slovak, Great Falls, Mont., for defendants-appellees Osborne, Tuss and Vance.

Before GOODWIN, ALARCON and LEAVY, Circuit Judges.

ALARCON, Circuit Judge:

The novel question presented to us in this appeal is whether the district court had the jurisdiction to refer the merits of the plaintiff's claim to a United States magis-

trate under 28 U.S.C. § 636 (1982). Because we determine that the claims at issue in this case do not involve conditions of confinement, we reverse the judgment of the district court insofar as it purported to refer a claim that does not invoke a condition of confinement to a magistrate for an evidentiary hearing on the merits.

We must also decide whether judges are immune from liability for violations of 42 U.S.C. § 1983 (1982) for refusing a jail inmate's request that he be allowed to appear in court for pretrial criminal proceedings in his own clothing. We affirm the district court decision on this issue and hold that judges are immune from liability under such circumstances.

## I

Plaintiff-appellant Henderson D. Houghton (hereinafter Houghton) appeals from (1) the dismissal of his section 1983 action under Fed.R.Civ.P. 12(b)(6) against Montana Judges H. William Coder and Joel G. Roth; (2) the order of summary judgment in favor of Justice of the Peace Gladys M. Vance; and (3) the order of involuntary dismissal after an evidentiary hearing before the magistrate, on motion of Frank Tuss, Cascade County jail supervisor and Glenn Osborne, Cascade County sheriff. In his complaint, Houghton alleged that a Cascade County requirement that he appear at various court proceedings, doctor appointments and psychiatric evaluations in jail clothing violated his fourteenth amendment due process and equal protection rights, as well as his eighth amendment protection against cruel and unusual punishment.

### A

Houghton was arrested on felony charges and detained in the Cascade County jail. At that time, the Cascade County Sheriff's Department required that a person in custody wear jail clothing when appearing in non-jury proceedings, unless the trial judge ordered that prisoners not appear in jail clothing, or jail clothing was not available in the inmate's size. Houghton challenges this policy in the instant matter.

After Houghton was arrested, a question was raised regarding his capacity to stand trial. Following psychiatric evaluations and a court hearing, Houghton was adjudged incapable to stand trial and committed to the Montana State Hospital until such time as his competency was restored.

### B

Following the filing of this complaint, the district court referred the matter to a United States magistrate. Thereafter, Judge Coder and Judge Roth filed motions to dismiss the action on the grounds of judicial immunity. The magistrate filed proposed findings of fact and recommended that the motion to dismiss be granted. The district court, after reviewing the record, accepted the magistrate's recommendation and entered a judgment of dismissal.

After the district court's decision on the motion to dismiss, the magistrate held an evidentiary hearing at the Montana State Hospital on the merits of Houghton's claims against the remaining defendants. The magistrate had previously ordered that discovery be completed prior to the date for the evidentiary hearing. At the beginning of these proceedings, Judge Vance filed a motion for summary judgment claiming judicial immunity. After the presentation of evidence on the merits of Houghton's claims, Tuss and Osborne moved to dismiss the complaint for failure to show a right to relief.

Following the presentation of evidence, the magistrate filed proposed findings of fact and recommended that Judge Vance's motion for a summary judgment be granted. He also recommended that the claims against Tuss and Osborne be dismissed because Houghton had failed to establish any constitutional violation in the application of the jail clothing policy to him. The district court, after review of the record, adopted the magistrate's recommendations.

Appellant has appealed each of the district court's orders.

## II

We first address *sua sponte* the jurisdiction of the district court to refer the claims

against Tuss and Osborne to the magistrate to conduct an evidentiary hearing. The district court's jurisdiction to refer matters to a magistrate is set forth in 28 U.S.C. § 636. Section 636(b)(1) states:

Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, *except* a motion for injunctive relief, for judgment on the pleadings, for summary judgment, ... to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

(Emphasis added).

■ The statute authorizes a magistrate to submit to the district court proposed findings of fact and recommendations for the disposition of a motion to dismiss and a motion for summary judgment. 28 U.S.C. § 636(b)(1)(B). *See also Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 453 (9th Cir.1983) ("a judge may designate a magistrate to submit proposed findings of fact and recommendations for the disposition of a motion to dismiss"). Section 636(b)(1)(B) also authorizes a magistrate to conduct an evidentiary hearing of a *pretrial* motion to "involuntarily dismiss an action" or of prisoner petitions challenging conditions of confinement, including section 1983 actions. *See Wimmer v. Cook,* 774 F.2d 68, 74 (4th Cir.1985) (1983 action by prisoner challenging conditions of confinement falls within class of proceedings which may be referred to a magistrate under section 636(b)(1)(B)). Tuss and Osborne did not make a pretrial motion "to involuntarily dismiss" the action filed against them. The district court referred this matter to the magistrate to conduct an evidentiary hearing on the merits of Houghton's remaining claims. Tuss and Osborne moved for involuntary dismissal at the *conclusion* of the evidentiary hearing.

Section 636(b)(1)(B) permits a magistrate to conduct an evidentiary hearing on a motion for summary judgment. Tuss and Osborne did not move for summary judgment before the evidentiary hearing or at any time. After both sides presented arguments regarding the merits of Houghton's claims, the magistrate said, "I'm going to give you the benefit of the doubt at this stage and assume that you put on a prima facie case by showing that picture and your opening statements." At that time the magistrate proceeded with the calling of witnesses. At the conclusion of the hearing the defendants made an oral motion to dismiss. Their attorney stated that she thought "the testimony presents to the court no choice but to dismiss the complaint for complete failure on behalf of

plaintiff to show to the court any basis for either equal protection violation or cruel and unusual punishment."

■ A motion for summary judgment may be granted if there is no genuine issue of material fact in dispute to be resolved by a trier of fact and the moving party is entitled to judgment as a matter of law, Fed.R.Civ.P. 56(c). Here the magistrate found that Houghton had presented a "prima facie case" that he was entitled to recover. Tuss and Osborne proceeded to present evidence. Had Tuss and Osborne failed to go forward with the presentation of evidence, presumably the magistrate would have found for Houghton. A ruling that the plaintiff has made out a prima facie case is inconsistent with a determination that no genuine issue of material fact was in dispute or that the defendants were entitled to judgment.

■ As noted above, after the presentation of evidence was completed, Tuss and Osborne moved for a dismissal of the complaint. Under Rule 41(b) of the Federal Rules of Civil Procedure, a defendant may move for involuntary dismissal in a bench trial after the plaintiff has completed the presentation of evidence "on the grounds that the plaintiff has shown no right to relief." Tuss and Osborne's motion for a dismissal, while not labelled as such, was proper under Rule 41(b) because it was made *after* the presentation of the evidence. The magistrate had no authority, however, to hold a trial on the merits or grant a Rule 41(b) motion unless Houghton was challenging the conditions of his confinement.[1]

Section 636(b)(1)(B) authorizes a district judge to designate a magistrate to conduct an evidentiary hearing of a petition challenging conditions of confinement.[2] We have not previously been called upon to consider the meaning of the term "conditions of confinement" as Congress used it in 28 U.S.C. § 636(b)(1)(B). Judge Luther M. Swygert of the Seventh Circuit addressed this question in his concurring opinion in *Hill v. Jenkins*, 603 F.2d 1256 (7th Cir.1979). Judge Swygert stated that "conditions of confinement" as used in section 636(b)(1)(B) "encompasses *ongoing* prison practices and regulations with regard to matters such as placement in maximum security, deadlocks, unhealthy living conditions, unnecessary exposure to violence-prone inmates, overcrowded physical environments, and cruel or unusual punishment by prison authorities." *Id.* at 1260 (emphasis added). In *Hill*, the plaintiff was seeking "damages for the loss of his property resulting from a single incident that occurred in the prison." *Id.* Judge Swygert concluded that the district court erred in referring the matter to a magistrate for an evidentiary hearing because loss of property by prison personnel was not a "condition of confinement." *Id.*[3] Judge Swygert's interpretation of the jurisdiction which can be accorded to a magistrate has been adopted by the Fourth Circuit in *Wimmer*, 774 F.2d at 74 n. 9 and in *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982), and by the Eleventh Circuit in *Hall v. Sharpe*, 812 F.2d 644, 647 n. 1 (11th Cir.1987) (adopting a portion of Judge Swygert's definition). We also embrace Judge Swygert's reading of section 636(b)(1)(B).

■ Houghton is currently in a state mental health facility. He is no longer subject to Cascade County's jail clothing rules. He is not seeking damages for an ongoing jail or prison practice. Moreover, he is not complaining about the "condition" of the jail clothing that Cascade County issued. The prison conditions covered by section 636(b)(1)(B) relate to the type of confinement, and matters concerning

---

1. In his proposed findings of facts, the magistrate stated that he had conducted a hearing "on the *merits* of [appellant's] claims against defendants Osborne and Tuss." (Emphasis added).

2. We need not decide whether appellant is a prisoner within the meaning of the statute because of our decision that he is not challenging conditions of confinement.

3. The majority opinion in *Hill* did not reach the issue of whether the plaintiff's claim concerned a condition of confinement. The majority decision was based on the magistrate's lack of jurisdiction to preside over a civil trial without the consent of both parties. *Hill*, 603 F.2d at 1258.

health, safety, or punishment. Houghton does not claim that the requirement that a prisoner wear clothing that identifies him as a prisoner affected his health or safety or that it causes him to suffer physical pain or exposes him to violence. Thus, Houghton's claim does not involve a condition of his confinement.

The district court lacked the jurisdiction to refer this matter to the magistrate to conduct an evidentiary hearing on the *merits* of Houghton's 1983 action.

### III

Appellant contends that the district court erred in finding that Judge Coder and Judge Roth and Justice of the Peace Vance [4] were immune from liability in this case. We do not agree.

■ In *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir.1986) (en banc), we held that "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Id.* at 1075. We also held that "Title 42 U.S.C. § 1983 (1982) was not intended to abolish the doctrine of judicial immunity." *Id.* "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Id.* (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199–200, 106 S.Ct. 496, 500, 88 L.Ed.2d 507 (1985)).

■ This immunity is not absolute. *Id.* "A judge lacks immunity where he acts in the 'clear absence of all jurisdiction', ... or performs an act that is not 'judicial' in nature." *Id.* (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872) and *Stump v. Sparkman*, 435 U.S. 349, 360, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978)). In deciding whether an act is judicial, the court must determine whether the challenged conduct is a function which a judge normally performs and whether the parties dealt with the judge in his judicial capacity. *Id.* "As long as the judge's ultimate acts are judicial actions taken within

the court's subject matter jurisdiction, immunity applies." *Id.* at 1078.

In this case, each judge denied Houghton's request that he be allowed to appear in his own clothing. Houghton contends that while the judges had the jurisdiction to command his presence, they could not require him to appear in jail clothing.

■ The refusal to grant Houghton's request to appear in his own clothes was clearly within each judge's official capacity. A ruling on a party's motion is a normal judicial function. As such, it is not subject to review under section 1983.

Houghton argues that this case is factually similar to *Gregory v. Thompson*, 500 F.2d 59 (9th Cir.1974). We disagree. In that matter, we held that the judge was acting outside the scope of his authority when he physically threw the plaintiff out of his courtroom and proceeded to beat him. In *Gregory*, we found that denying immunity under those circumstances would not result in the type of "intimidation that might rob [the judges] of the independence so crucial to the public's interest in principled and fearless decision-making." *Gregory*, 500 F.2d at 63. In *Gregory*, the reprehensible acts of the judge had no relationship to the type of judicial conduct ordinarily involved in an adverse ruling on a motion properly before the court. In the matter *sub judice*, each judge addressed the question that Houghton presented to the court in an appropriate ruling unaccompanied by personal misconduct or violence directed toward the plaintiff.

### IV

Because the district court has no jurisdiction to refer this matter to the magistrate, we are precluded from considering the merits of Houghton's claims against Osborne and Tuss. For the same reason we do not address the question whether Houghton's due process rights were violated by holding the evidentiary hearing at the Montana State Hospital instead of at the court house where the complaint was filed and the ac-

---

4. Judge Vance, while a Justice of the Peace, is covered by the same doctrines of judicial immu-

nity as any other judge. *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir.1974).

tions complained of occurred. That issue is now moot in view of our reversal of the judgment concerning the claims against Osborne and Tuss.

The dismissal of the claims against Judge Coder and Judge Roth is AFFIRMED.

The judgment granting summary judgment for Judge Vance is AFFIRMED.

The judgment for defendants Tuss and Osborne is REVERSED and REMANDED.

Costs shall be borne by each party.

GOODWIN, Circuit Judge, dissenting, in part:

At the risk of overconsidering this essentially frivolous case, I dissent from the partial reversal. Whether a prisoner in the county jail is required for security purposes or any other purposes that commend themselves to the sheriff to wear bright orange coveralls is indeed a condition of confinement, and we should say so and affirm. We ought to distinguish the Seventh Circuit case, if need be, and not present a conflict question to the Supreme Court.

I concur in those parts of the opinion which affirm.