961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Michael IRK, Petitioner-Appellant,
v.
George DEEDS, Warden; Brian McKay, AG, Respondents-Appellees.
 No. 89-16479.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 17, 1992.*
Decided April 24, 1992.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant John Michael Irk (Irk), appeals from the district court's (1) dismissal of his habeas corpus petitions for failure to exhaust his state court remedies, (2) dismissal of two 42 U.S.C. § 1983 civil rights actions which alleged damages for denial of access to the courts. We AFFIRM.
 
 
 3
 On September 1, 1989, an evidentiary hearing was held to determine whether prison policies regarding the amount of paper kept by an inmate in his cell, the distribution of writing supplies, and the distribution of the law library books, had resulted in Irk's being denied access to the courts. The district court found that Irk's demands had been unreasonable and that he had suffered no actual injury.
 
 
 4
 Irk's habeas corpus petitions were dismissed without prejudice because of the failure to exhaust many of his claims in state court, including but not limited to ineffective assistance of counsel at trial and on direct appeal, and denial of self-representation.
 
 
 5
 In his civil rights complaint, Irk alleged that state District Judge Charles Thompson and the state district court clerk Loretta Bowman (Bowman) denied him access to the courts by refusing to accept and file his numerous post-conviction pleadings and motions, failing to rule on those that were filed, and failing to notify him when rulings were made. The federal district court granted Judge Thompson's motion to dismiss based on immunity grounds, finding that the "facts as alleged in the complaint show[ed] that Judge Thompson was acting within the scope of his authority." In addition, the court dismissed the complaint against Bowman as frivolous as her defense of quasi-judicial immunity was "complete and obvious from the complaint itself." See Hernandez v. Denton, 919 F.2d 573, 575 (9th Cir.1990), cert. granted, 116 L.Ed.2d 322 (1991) (when it is clear that a claim "lacks legal or factual basis" it may be dismissed as frivolous). As discussed below, there is sufficient evidence to uphold the district judge's findings that both Judge Thompson and Bowman were acting within their official capacities, and therefore exempt from civil suits based upon immunity.
 
 
 6
 The district court did not err in dismissing Irk's habeas corpus petitions for failure to exhaust state court remedies, his Section 1983 action alleging denial of access to the courts, or his Section 1983 action alleging denial of access to the courts by a state judge and the county clerk.
 
 FAILURE TO EXHAUST
 
 7
 The district court's decision to dismiss Irk's petition for a writ of habeas corpus is reviewed de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989). "To the extent it is necessary to review findings of fact, the clearly erroneous standard applies." Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 
 8
 Two habeas petitions which contended (1) that the evidence presented at trial was insufficient to support the jury's finding of guilt, and (2) the sentencing court erred by enhancing his sentence due to his use of a deadly weapon, had been accepted by the Nevada Supreme Court and were subsequently dismissed. The magistrate judge noted that the Nevada Supreme Court did not have the opportunity to address several constitutional issues presented in Irk's present petition.[1] The magistrate judge informed Irk of the need to exhaust his state remedies, the statute by which he could present his unexhausted claims, and therefore recommended the petition be dismissed without prejudice. The district court adopted the report and recommendation of the magistrate judge and dismissed Irk's petition without prejudice for failure to exhaust state remedies.
 
 
 9
 No procedural default has been declared in the state court concerning any of Irk's claims because no issues other than the above were discussed by the Nevada Supreme Court.
 
 
 10
 Irk is required to exhaust his state court remedies prior to presenting them in federal court. 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509 (1982); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986); Szeto v. Rushen, 709 F.2d 1340 (9th Cir.1983). This Court dismisses the entire petition without reaching the merits on the grounds that there has been no state exhaustion of several of Irk's habeas claims. Rose, 455 U.S. at 519; Turner v. Compoy, 827 F.2d 526, 528 (9th Cir.1987), cert. denied, Compoy v. Turner, 489 U.S. 1059 (1989).
 
 
 11
 As Irk has not presented many of his claims in state court for adjudication and does not discuss his failure to exhaust his state court remedies in his papers, the dismissal of his habeas petition for failure to exhaust is affirmed.
 
 SECTION 1983 CIVIL RIGHTS ACTIONS
 A. Prison Officials and Employees
 
 12
 The district court held an evidentiary hearing to determine if there was any merit to the complaint that the prison officials and employees denied Irk access to the courts. Based upon the evidence presented at the hearing, the district court found that the defendants did not deny Irk reasonable access to the courts, and that "[Irk's] demands were un reasonable."
 
 
 13
 This court reviews the district court's findings of fact under a clearly erroneous standard. United States v. Benny, 786 F.2d 1410, 1419 (9th Cir.), cert. denied, Benny v. United States, 479 U.S. 1017 (1986). No evidence has been presented to support the notion that the prison officials or employees denied Irk access to the courts or deprived Irk of any other federal right. The dismissal is affirmed. Dooley v. Reiss, 736 F.2d 1392 (9th Cir.), cert. denied, 469 U.S. 1038 (1984).
 
 B. State Judge and Court Clerk
 
 14
 The district judge found that the acts of both Judge Thompson and Bowman occurred within their official duties, and therefore both were entitled to immunity. A judge is deprived of immunity only when he or she has acted in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-357 (1978); Houghton v. Osborne, 834 F.2d 745, 750 (9th Cir.1987). A clear absence of all jurisdiction is defined as a "clear lack of all subject matter jurisdiction." Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1389 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988).
 
 
 15
 Irk filed his habeas petitions in the state district court before Judge Thompson, thereby giving Judge Thompson subject matter jurisdiction over Irk's many motions. As Judge Thompson was within his subject matter jurisdiction in ruling on Irk's motions, he is protected from Section 1983 civil rights actions by judicial immunity. The district court's ruling to dismiss the action is affirmed.
 
 
 16
 Court clerks are entitled to "absolute quasi-judicial immunity from damages for civil right violations when they perform tasks that are an integral part of the judicial process." Id. at 1390. A clerk's duties in accepting or denying motions or pleadings for filing are an integral part of the judicial process and is within the general subject matter jurisdiction of court clerks. Id. Bowman is therefore protected by quasi-judicial immunity. The district judge's dismissal of this action is therefore affirmed.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Irk filed two habeas petitions which were rejected by the Nevada Supreme Court because they were not in compliance with the rules